# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROSALYN SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BRYANT BANK, | ) |
| | |
| Defendant. | |

## COMPLAINT

## I. JURISDICTION

1. This is a suit for relief from race discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* and 42 U.S.C. §1981 ("§1981"). Jurisdiction of this Court exists pursuant to 28 U.S.C. §1331 and §1343(4).

2. Plaintiff Rosalyn Sanders ("Plaintiff") timely filed a charge of discrimination against defendant Bryant Bank ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue notice issued from the EEOC.

## II.  PARTIES

3.  Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4.  Defendant is an Alabama corporation based in Tuscaloosa, Alabama.

5.  Defendant operates a business in Jefferson County, Alabama and did so during the events of this case.

6.  Defendant was a covered "employer" during the events of this case for purposes of Title VII.

7.  Defendant was Plaintiff's "employer" during the events of this case for purposes of Title VII.

## III.  STATEMENT OF FACTS

8.  Plaintiff is African-American.

9.  Defendant is a bank with about seventeen branches in the state of Alabama.

10. In or about October of 2021, Plaintiff became employed by Defendant to work in its branch in Hoover, Alabama.

11.  Plaintiff was hired to be a Customer Service Representative ("CSR").

12.  At the time, Plaintiff had ten years of banking experience, including working as both a CSR and an assistant branch manager.

13.  The Manager of the Hoover branch was Ashley Meyers.

14. Meyers is Caucasian.

15. There was one other CSR in the branch, Amanda Cook.

16. Cook is Caucasian.

17. During the time Plaintiff worked in the branch, there were two tellers in the branch.

18. The tellers were African-American.

19. When she was hired, Plaintiff was told that she would be replacing the previous Assistant Manager of the branch.

20. Plaintiff was further told that she would train for a week before she began her duties as CSR.

21. However, Defendant's trainer only provided Plaintiff about two hours of training on one day and left, never to come back.

22. Plaintiff went through orientation the rest of that first week, mostly watching videos.

23. On Plaintiff's second week, Meyers told her to work with the tellers.

24. Teller is a lower level position than CSR.

25. Every day, Meyers continued to tell Plaintiff to work with the tellers.

26. Meyers told Plaintiff that she could not do CSR work.

27. If a customer Plaintiff was helping at the teller window needed CSR help, Plaintiff would try to help them but Meyers would always come over and tell the customer to see Cook and tell Plaintiff to go back to doing teller work.

28. Plaintiff never worked a single day as a CSR, which she was hired to do.

29. Rather, Meyers made Plaintiff work as a teller every day.

30. Meyers also avoided training, helping, and even talking to Plaintiff.

31. Plaintiff would go to Meyers with a work question and Meyers would say she was busy and that she would get back with Plaintiff but she never would.

32. Most of the customers in the branch were Caucasian.

33. Meyers and Cook referred to African-American customers as "fraudsters."

34. Cook would use some unfounded reason to close Black customers' accounts after 30 days.

35. In December of 2021, the trainer had not come back, so Plaintiff asked Cook when she (Plaintiff) could finish her training.

36. Plaintiff asked Cook because Meyers was not at work at the time, which was not unusual.

37. Cook contacted Meyers and Meyers said that the trainer would be back in January.

38. The trainer never came back.

39. On or about February 2, 2022, Meyers called Plaintiff into her office.

40. Patty Ratliff, Defendant's Vice-President of Human Resources, was there.

41. Ratliff is Caucasian.

42. Meyers told Plaintiff that she was terminated and to give Meyers her bank keys.

43. Plaintiff asked why and Meyers said that Plaintiff was "not a good fit for this branch" and that she needed to leave.

44. Plaintiff asked if she could be moved to a another branch.

45. Meyers said no.

46. Plaintiff said that she had never received the training she was supposed to have received and that she had been working as a teller the whole time when she was hired as a CSR.

47. Meyers again said that Plaintiff needed to leave and had her escorted out.

48. The reason given for Plaintiff's termination was false and pretextual.

49. Plaintiff was replaced with a Caucasian female.

50. Plaintiff's replacement had interviewed with Ratliff in the branch a couple of days before Plaintiff was fired.

51. Meyers had said at the time that Defendant was hiring her as a teller, but she actually replaced Plaintiff as CSR.

52. After Plaintiff was terminated, she did some internet research on the racial makeup of Defendant's CSR's.

53. Plaintiff saw that there were about 200 total CSR's in all the branches.

54. All were Caucasian except for Plaintiff and one other African-American.

## IV.  CAUSES OF ACTION

### COUNT I

### TITLE VII- DENIAL OF TRAINING

55. Paragraphs 1-54 above are incorporated by reference.

56. Defendant violated Plaintiff's rights under Title VII by denying her training because of her race.

57. As a result of the above described discriminatory act, Plaintiff has been made to suffer damages including emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may

assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

### §1981- DENIAL OF TRAINING

58. Paragraphs 1-54 above are incorporated by reference.

59. Defendant violated Plaintiff's rights under §1981 by denying her training because of her race.

60. As a result of the above described discriminatory act, Plaintiff has been made to suffer damages including emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated §1981;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

### TITLE VII- LESSER WORKING POSITION

61. Paragraphs 1-54 above are incorporated by reference.

62. Defendant violated Plaintiff's rights under Title VII by making her work in a lesser position than for which she was hired because of her race.

63. As a result of the above described discriminatory act, Plaintiff has been made to suffer damages including emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII; and

(iv)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT IV

### §1981- LESSER WORKING POSITION

64.  Paragraphs 1-54 above are incorporated by reference.

65.  Defendant violated Plaintiff's rights under §1981 by making her work in a lesser position than for which she was hired because of her race.

66.   As a result of the above described discriminatory act, Plaintiff has been made to suffer damages including emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated §1981;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT V

## TERMINATION- TITLE VII

67. Paragraphs 1-54 above are incorporated by reference.

68. Defendant violated Plaintiff's rights under Title VII by terminating her employment because of her race.

69. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by providing back-pay with interest, reinstating her and placing her in the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII; and

(iv)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT VI

## TERMINATION- §1981

70. Paragraphs 1-54 above are incorporated by reference.

71. Defendant violated Plaintiff's rights under §1981 by terminating her employment because of her race.

72. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court enter an Order declaring that Defendant's acts as described herein violated 42 U.S.C. §1981;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by providing back-pay with interest, reinstating her and placing her in the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under §1981; and

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

    Respectfully submitted,

    s/ Adam M. Porter
    Adam M. Porter
    Attorney for Plaintiff
    Adam M. Porter, LLC
    2301 Morris Avenue, Suite 102
    Birmingham, Alabama 35203
    Phone: (205) 322-8999
    Facsimile: (205) 402-4619
    Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

    s/ Adam M. Porter
    Attorney for Plaintiff

<u>Defendant's Address</u>:
Bryant Bank
c/o Scott Phelps, Registered Agent
1550 McFarland Boulevard North
Tuscaloosa, AL 35406